MR. JUSTICE HASWELL
dissenting:
I would affirm the judgment of the Distric Court.
In my view all right, title or interest of plaintiffs in the property was terminated automatically on their failure to pay the first installment of the purchase price on June 19, 1970. The contract between plaintiffs and Silver Bow County expressly so provides in pertinent part:
“That time is of the essence of this contract, and in the event that the purchaser or his assigns shall fail to pay any installment, when due * * * then and thenceforth the vendor shall be released from all obligation in law or equity to convey such property, and the purchaser, or his assigns, shall forfeit all right thereto. * * *” (Emphasis supplied.)
The majority find an implied waiver of this contract provision in the failure of the county to repossess the property for a period of five months. Fratt, cited and quoted in the majority opinion, holds that a breach terminates a contract of the type involved in this case “ * * * unless the vendor elects to waive the time provision and continue the agreement in force.”
It is axiomatic that a waiver is the voluntary relinquishment of a known right. I would not imply such voluntary relinquishment by the county of its contract right simply from its nonaction for a period of five months to formally repossess the property and cut off any rights of the plaintiffs under the contract, an action it was not required to take ufider the automatic termination provision of the contract. Hence no waiver, and the judgment of the District Court should be affirmed.